IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00246-LTB-MJW

ROBIN DILLON,

Plaintiff(s),

v.

AUTO-OWNERS INSURANCE COMPANY,

Defendant(s).

---

## ORDER REGARDING
## DEFENDANT'S MOTION FOR ORDER COMPELLING INDEPENDENT MEDICAL EXAMINATIONS AND REQUEST FOR MODIFICATION OF SCHEDULING ORDER (DOCKET NO. 13)

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion for Order Compelling Independent Medical Examinations and Request for Modifications of Scheduling Order (docket no. 13). The court has reviewed the subject motion (docket no. 13), the response (docket no. 15), and the Reply (docket no. 16). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

In the subject motion (docket no. 13), Defendant seeks an Order from this court directing Plaintiff to undergo  Fed. R. Civ. P. 35 examinations ("IME"). In particular, Defendant requests that Plaintiff undergo IMEs with Dr. Hal Wortzel, M.D., a board certified neurologist and psychiatrist; Dr. Stephen Kalat, Ph.D, a neuropsychologist; and

2

Dr. Rachel Basse, M.D., a physiatrist. Defendant argues that it needs these three IMEs in order to evaluate Plaintiff's claim for UIM benefits, including her claim that she sustained the alleged serious injuries in the July 1, 2009, auto accident and that she has incurred past and future medical expenses and other damages related to these alleged injuries. Furthermore, Defendant argues that Plaintiff's refusal to undergo these IMEs violates the Plaintiff's obligations under the subject UIM Policy.

## FINDING OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff claims in this case that she suffered depression and anxiety as a result of the July 1, 2009, auto accident and that she also suffered cognitive and neurological defects as a result of sustaining an alleged traumatic brain injury from the auto accident. Plaintiff has endorsed Dr. Robert Kurtz, a psychiatrist, to testify regarding Plaintiff's psychiatric condition. In addition, Plaintiff has been treated by Dr. Cohen, a neurologist, for neurological injuries she attributes to the auto accident, and by Dr. Hinman, a primary care doctor. Both of these doctors will testify that Plaintiff sustained a concussion as a result of the auto accident. Furthermore, Plaintiff

has been treated by Dr. Lemmon, a neuropsychologist, and it is clear that Plaintiff's neuropsychological issues have been at issue in this case even before this case was filed in this court.  Lastly, Plaintiff claims that she sustained musculoskeletal injuries as a result of the auto accident, and she has endorsed experts to testify that the auto accident caused these injuries.  See Exhibit 1, attached to Reply (docket no. 16);

5.   That causation of Plaintiff's alleged mental and physical injuries, as outlined in more detail above, are clearly at issue in this case.  A major dispute in this case is whether the alleged injuries, as cited above in more detail, were caused by the July 1, 2009, auto accident.  The primary theory of the case by the Defendant is that Plaintiff's alleged injuries are not causally related to the July 1, 2009, auto accident.  Also, the issue of apportionment is clearly in controversy in this case;

6.   A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  To determine whether good cause exists, the court must consider: "(1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time

4

allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence." <u>Benton v. Avedon Eng'g, Inc.</u>, No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886, *1 (D. Colo. Apr. 23, 2013) (citing <u>Smith v. United States</u>, 834 F.2d 166, 169 (10th Cir. 1987)).  "With regard to the fourth factor, the Tenth Circuit has explained that '[d]emonstrating good cause under [Rule 16(b)(4)] requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" <u>Id.</u> (quoting <u>Strope v. Collins</u>, 315 F. App'x 57, 61 (10th Cir. 2009)) (other quotations omitted);

7.     That the Final Pretrial Conference is not set until March 30, 2015. See docket no. 10;

8      That the Trial Preparation Conference is not set until August 28, 2015, and the Jury Trial is not set until September 21, 2015.  See docket no. 10;

9.     That any modification to the Rule 16 Scheduling Order (docket no. 11) will not prejudice the Plaintiff and will not burden the court's trial docket or jeopardize the trial date;

10.    That Fed. R. Civ. P. 35 provides, *in pertinent part*, "[t]he court . . . may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . ."  Fed. R. Civ. P.

35(a)(1);

11. That in <u>Schlagenhauf v. Holder</u>, 379 U.S. 104, 118 (1964), the

Supreme Court stated that Rule 35 "require[s] an affirmative

showing by the movant that each condition as to which the

examination is sought is really and genuinely in controversy and

that good cause exists for ordering each particular examination."

The burden of demonstrating good cause rests with the moving

party.  <u>See</u> <u>Doe v. District of Columbia</u>, 229 F.R.D. 24, 26 (D.D.C.

2005).  The requirement of good cause is not a formality; the court

must genuinely balance the need for the information with the right

to privacy and safety of the party.  <u>Schlagenahuf,</u> 379 U.S. at 118.

Rule 35 states that the examination may be conducted by any

suitable licensed or certified examiner.  Psychiatric examinations

are allowable if a person's mental condition is at issue.  <u>See</u>

<u>Roberson v. Bair</u>, 242 F.R.D. 130 (D.D.C. 2007) (emotional distress

claim places the plaintiff's condition at issue).  The examination

may be conducted by a psychiatrist or psychologist.  When

permanent injuries are claimed or under other appropriate

circumstances, the court may allow a second examination just

before trial.  <u>Galieti v. State Farm Mut. Auto. Ins. Co.</u>, 154 F.R.D.

262 (D. Colo. 1994).  A stronger showing of necessity is usually

required for a second examination.  <u>Furlong v. Circle Line Statue of</u>

<u>Liberty Ferry, Inc.</u>, 902 F. Supp. 65 (S.D.N.Y. 1995).  Lastly, the

6

court has discretion to determine who may be present at the examination. Bethel v. Dixie Homecrafters, Inc., 192 F.R.D. 320 (N.D. Ga 2000); Ali v. Wang Labs., Inc., 162 F.R.D. 165, 168 (M.D. Fla. 1995);

12. That a plaintiff is not entitled to have a third party or recording device present at a Rule 35 evaluation. Douponce v. Drake, 183 F.R.D. 565, 567 (D. Colo. 1998); see Hayes v. District Court City and County of Denver, 854 P.2d 1240, 1243 (Colo. 1993) (held that a petitioner does not have the right to have an attorney or third party accompany her to a Rule 35 examination and recognized that federal courts have construed the federal rule to prohibit the attendance of attorneys at medical examinations of clients). Because Fed. R. Civ. P. 35 is silent on who may attend a physical or mental examination, the issue is left to the court's discretion. Tarte v. United States, 249 F.R.D. 856, 858 (S.D. Fla. 2008);

13. That Defendant has demonstrated, in the subject motion (docket no. 13), a strong showing for three IMEs as well as "good cause." Defendant further has demonstrated that Plaintiff has placed "in controversy" whether Plaintiff has suffered severe emotional distress, depression, anxiety, musculoskeletal injuries, and an alleged traumatic brain injury which are related to and caused by the July 1, 2009, auto accident; and

14. That Plaintiff is not challenging the qualifications of Defendant's

IME doctors listed above.  See Plaintiff's Response (docket no. 15);

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant's Motion for Order Compelling Independent Medical Examinations and Request for Modifications of Scheduling Order (docket no. 13) is **GRANTED**;

2. That Plaintiff shall undergo IMEs with Dr. Hal Wortzel, M.D., a board certified neurologist and psychiatrist; Dr. Stephen Kalat, Ph.D, a neuropsychologist; and Dr. Rachel Basse, M.D., a physiatrist;

3. That during the IMEs Plaintiff's husband Jack Dillon, third parties, and Plaintiff's legal counsel may not be present.  No videotape of the IMEs is permitted;

4. That the parties shall meet and confer within five (5) days from the date of this Order and clear dates, times, and locations for Plaintiff to undergo the three IMEs with Dr. Hal Wortzel, M.D., a board certified neurologist and psychiatrist; Dr. Stephen Kalat, Ph.D, a neuropsychologist; and Dr. Rachel Basse, M.D., a physiatrist;

5. That Plaintiff may take the depositions of Dr. Wortzel, Dr. Kalat, and Dr. Basse after the IMEs are conducted by each of these doctors; and

8

6.      That each party shall pay their own attorney fees and costs for this

motion.

Done this 6th day of October 2014.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE